**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.M., A.M., B.M., and Z.M.**

**No. 24-66** (Berkeley County CC-02-2021-JA-284, CC-02-2021-JA-285, CC-02-2021-JA-286 and CC-02-2021-JA-287)

**MEMORANDUM DECISION**

Petitioner Father J.M.[1] appeals the Circuit Court of Berkeley County's January 4, 2024, order terminating his parental rights to the children, arguing that the court erred in denying his motion for an improvement period and that termination was unsupported by the record.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In December 2021, the DHS filed a petition alleging that the petitioner abused and neglected the children by hitting them with a belt, holding one child's hand on a hot stove, throwing objects to the point of breaking a television, engaging in domestic violence and inappropriate sexual behavior towards the mother in the children's presence, and violating a domestic violence protective order ("DVPO") obtained by the mother. Further, the petition alleged that the petitioner failed to treat his psychosis and severe depression with paranoia.

In August 2022, the court held an adjudicatory hearing, at which the children's Child Advocacy Center interviews were admitted into evidence. The court continued the petitioner's adjudication so that he could be evaluated for competency and, shortly thereafter, he underwent a psychological evaluation. The evaluation concluded that he was competent to participate in the

---

[1] The petitioner appears by counsel Clinton R. Bischoff. The West Virginia Department of Human Services appears by Attorney General John B. McCuskey and Assistant Attorney General Andrew Waight. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Tracy Weese appears as the children's guardian ad litem.

[2] Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

proceedings and that there was no indication that he was "suffering from a mental disease or defect that would have significantly impaired his ability to distinguish right from wrong at the time of the alleged abuse/neglect."

At the January 2023 continued adjudicatory hearing, the petitioner testified, admitting to hitting the children with his hand, a spoon, or a spatula and to holding one child's hand on a hot stove, resulting in injury to that child. The petitioner conceded that he would become angry and throw furniture and that he had previously prevented the mother from leaving the home with the children. Notably, the petitioner stated that he did not seek treatment for his mental illnesses. The mother then testified that the petitioner groped her in front of the children, threatened to beat the children, brandished a handgun and knives on multiple occasions, and once threatened to kill himself with a loaded shotgun. The mother further testified that the petitioner was diagnosed with episodic mood disorder and depression in 2014, but he never consistently attended counseling or took his prescribed medications. She noted that the petitioner only began treatment for his mental illnesses after he was arrested following an altercation with her. Based upon the evidence, the court found that the allegations in the petition had been proven by clear and convincing evidence.

In the resulting adjudicatory order, the court found that the petitioner abused and neglected the children by engaging in a pattern of domestic violence resulting in injury to the children and the mother and using excessive corporal punishment. The court further found aggravated circumstances, as the petitioner had "chosen to forgo adequately addressing his mental health diagnosis . . . [leading] to injuries to the infants, both psychological and emotional injuries, in addition to physical injuries" and that his lengthy history of forgoing treatment resulted in a chronic condition. As such, the court stated that the DHS was not obligated to make reasonable efforts to preserve the family. In March 2023, the petitioner filed a motion requesting a post-adjudicatory improvement period.

In April 2023, the court held a dispositional hearing at which a Child Protective Services worker testified that the DHS recommended termination because of the level and intensity of the abuse and the petitioner's failure to acknowledge the abuse and neglect. Next, the petitioner testified that he would participate in an improvement period "if that is needed" and when asked to explain, he claimed that the mother "persuaded" him to abuse the children. The petitioner clarified, stating, "I don't believe I need to prove that I can be a father to my kids" and opined that an improvement period was unnecessary. Regarding his conduct towards the children, the petitioner further stated, "I don't feel that it's abuse in a way because it's been during needful times of correction." Additionally, he confirmed that he did not take his prescribed medications for his mental illnesses and that he knowingly violated the DVPO. In the resulting order, the court denied the petitioner's motion for an improvement period, stating that the petitioner failed to acknowledge the abuse and neglect to which he subjected the children and refused to address his mental illnesses. As a result, the court also found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future and the children's welfare necessitated termination. Ultimately, the court terminated the petitioner's parental rights. It is from this order that the petitioner appeals.[3]

---

[3] The mother's parental rights remain intact, and the permanency plan for the children is placement with her.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by denying his request for a post-adjudicatory improvement period because he testified that he would participate. However, "[t]he circuit court has discretion to refuse to grant an improvement period when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Moreover, "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Ample evidence, including the petitioner's testimony, demonstrates his complete failure to acknowledge the abuse and neglect he inflicted upon his children and supports the court's conclusion that he was unlikely to improve. As such, the petitioner is entitled to no relief.

The petitioner further argues that the circuit court erred by terminating his parental rights because his conduct was "correctable" and by failing to consider a less restrictive disposition.[4] He supports this argument by asserting that when he chooses to treat his mental illnesses, he has the ability to refrain from his abusive and destructive behavior. However, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). There is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected when "based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." W. Va. Code § 49-4-604(d). Additionally, as the petitioner points out in his brief, "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights." *In re Kristin Y.*, 227 W. Va. at 560, 712 S.E.2d at 57, Syl. Pt. 4, in part (quoting *In re R.J.M.*, 164 W. Va. at 496, 266 S.E.2d at 114, Syl. Pt. 1). Here, the evidence upon which the court relied shows that the petitioner failed to acknowledge or take steps to address his mental illnesses, demonstrating his refusal to even attempt to solve the problems of abuse and neglect. As such, the court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the children's welfare necessitated termination are well-supported by the record. Termination of parental rights is appropriate upon such findings. *See* W. Va. Code § 49-4-604. Accordingly, we find no error in the court's decision to terminate the petitioner's parental rights.

---

[4] The petitioner fails to identify which alternative disposition he finds appropriate.

3

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 4, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: March 4, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV